UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.

**TANY LOPEZ DE MADRID,**

    **Plaintiff,**

**C & V ASSISTED LIVING, CORP,**
**a Florida Profit Corporation,**
**and SANDRA VALDES, individually,**

    **Defendants.**
_____/

**COMPLAINT**
**[Opt-In Pursuant to 216(b)]**

Plaintiff, TANY LOPEZ DE MADRID ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, C & V ASSISTED LIVING, CORP. and SANDRA VALDES, individually, (hereinafter "Defendants") and in support avers as follows:

**GENERAL ALLEGATIONS**

1. This is a collective action by Plaintiff for damages for breach of agreement, quantum meruit, unjust enrichment and unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and for retaliation under the FLSA.

2. This Court has jurisdiction over Plaintiff FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, and continues to be, resident of Hillsborough County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, C & V ASSISTED LIVING, CORP is a Florida Profit Corporation, having its main place of business in Hillsborough County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

1

5. Defendant, SANDRA VALDES, is a corporate officer of, and exercised operational control over the activities of corporate Defendants.

6. Venue is proper in Hillsborough County because all of the actions that form the basis of this Complaint occurred within Hillsborough County and payment was due in Hillsborough County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff was employed by Defendant beginning on or about May 23, 2024, as a Maintenance worker.

10. Plaintiff's duties included cooking for elderly residents, cleaning the facility, bathing residents, administering medications, and monitoring them during the night.

11. Plaintiff typically worked a fixed schedule of forty-eight (48) hours per week, with twelve (12) hour shifts, and at times was assigned an additional twelve (12) hour shift.

12. Plaintiff was paid $80.00 per day for twelve (12) hours of work, regardless of how many hours she worked in a week.

13. Plaintiff was not paid overtime despite working more than forty (40) hours per week.

14. Plaintiff has never received any benefits, including paid time off or vacation time.

15. Plaintiff's responsibilities increased significantly over time, but her salary was never adjusted to reflect the additional workload.

16. Plaintiff is Venezuelan and has Temporary Protected Status (TPS).

17. The business owner and supervisor is Sandra Valdes, who is Cuban.

18. Two other employees, also Cuban, were given more favorable treatment and benefits than Plaintiff.

19. The Cuban employees routinely neglected their duties, leaving their work for Plaintiff to complete.

20. Defendant, through supervisor Sandra Valdes, failed to hold the Cuban employees accountable and instead placed all demands and workload on Plaintiff, subjecting Plaintiff to disparate treatment based on national origin.

21. Plaintiff is still employed by Defendant as of the filing of this Complaint.

## COUNT I
### Breach of Agreement against
### C & V ASSISTED LIVING, CORP

22. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 21 of this complaint as if set out in full herein.

23. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

24. Plaintiff suffered damages as a result of Defendants' breach of said agreement.

**WHEREFORE**, Plaintiff seek damages from Defendants for breach of agreement, exclusive of prejudgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II
### *Quantum Meruit against C & V ASSISTED LIVING, CORP*

25. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 21 of this complaint as if set out in full herein.

26. Plaintiff have conferred a benefit onto Defendants by performing and providing services for Defendants.

27. Defendants have knowledge of the services performed and provided and the benefit provided by Plaintiff.

28. Defendants accepted Plaintiff services to Defendants.

29. Defendants retain an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

30. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendants.

    **WHEREFORE**, Plaintiff seek a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendants, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT III
### *Unjust Enrichment against C & V ASSISTED LIVING, CORP*

31. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 21 of this complaint as if set out in full herein.

32. Plaintiff have conferred a benefit upon Defendants for services performed and provided to Defendants.

33. Defendants have knowledge of the services performed and provided by Plaintiff.

34. Defendants voluntarily accepted the services performed and provided by Plaintiff.

4

35. Defendants unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

36. Plaintiff seeks damages for the value of the work performed to Defendants.

    **WHEREFORE**, Plaintiff seeks a judgment for unjust enrichment against Defendants, interest and costs, and other damages deemed just by this Honorable Court.

**COUNT IV**
*Wage & Hour Federal Statutory Violation against*
*C & V ASSISTED LIVING, CORP*

37. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 21 of this complaint as if set out in full herein.

38. This action is brought by Plaintiff to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

39. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

40. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do

its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

41. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

42. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendants' business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

43. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

44. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

45. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

46. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

    **WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights,

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
*Wage & Hour Federal Statutory Violation against SANDRA VALDES*

47. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 21 of this complaint as if set out in full herein.

48. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, C & V ASSISTED LIVING, CORP.

49. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

50. Defendant had operational control of the business and is thus jointly liable for Plaintiff' damages.

51. Defendant willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff' rights.

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
### *FLSA Retaliation against C & V ASSISTED LIVING, CORP*

52. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 21 of this complaint as if set out in full herein.

53. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act or has

8

testified or is about to testify in any such proceeding or has served or is about to serve on an industry committee."

54. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

55. The motivating factor that caused Plaintiff's termination as described above was Plaintiff's complaints regarding Defendant' unlawful work practices.

56. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

  A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights.

  B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages.

  C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

  D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

  E. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

  F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VII
*FLSA Retaliation against SANDRA VALDES*

57. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 21 of this complaint as if set out in full herein.

58. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act or has testified or is about to testify in any such proceeding or has served or is about to serve on an industry committee."

59. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

60. The motivating factor that caused Plaintiff's termination as described above was Plaintiff's complaints regarding Defendant' unlawful work practices.

61. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights.

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages.

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

E. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: February 16, 2026                                   Respectfully submitted,

/s/: *Peter M. Hoogerwoerd*
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
**pmh@rgph.law**
**REMER, GEORGES-PIERRE, & HOOGERWOERD, PLLC**
2745 Ponce de Leon Blvd
Coral Gables, FL 33134
(305) 416-5000- Telephone